IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAYMOND F. WILLIAMS, *et al.*, | : |
| | : |
|     Petitioners, | : |
| | : |
| v. | :   CASE NO.: 5:17-CR-29 (LAG) (CHW) |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
|     Respondent. | : |
| _____ | : |

## **ORDER**

    Before the Court is the Magistrate Judge's Report and Recommendation (R&R). (Doc. 191). Petitioner Raymond Williams was the owner, president, and CEO of U.S. Technology Corporation (U.S. Tech) and U.S. Technology and Aerospace Engineering Corporation (U.S. Aero). (Doc. 1 ¶ 1). In March 2018, Petitioners submitted plea agreements in which Williams agreed to plead guilty to one count of conspiracy to bribe a public official and U.S. Tech and U.S. Aero agreed to plead guilty to one count of conspiracy to launder the proceeds of unlawful activity. (*See* Doc. 60). Petitioners agreed to pay $850,000 each in restitution, Williams agreed to pay a fine of $250,000, and U.S. Tech and U.S. Aero each agreed to pay a fine of $1,500,000. (Doc. 61 at 4; Doc. 63 at 4; Doc. 65 at 4). "To assist in the payment of the financial penalties," Petitioners assigned the Government thirty percent of their interest in a 2015 promissory note and agreed that the Government would collect 30% of the gross monthly payments due under the note until all fines and restitution had been paid. (Doc. 61 at 4–5; Doc. 63 at 5; Doc. 65 at 5).

    A joint sentencing hearing was held for Petitioners on January 8, 2019. (*See* Docs. 95–97). Williams was sentenced to 60 months imprisonment, and monetary penalties were imposed on Petitioners in the amounts contemplated in the plea agreements. (Doc. 103). As to the schedule of payments, however, the Court ordered monthly payments of either $50,000 or 50% of the gross monthly payments received under the 2015

promissory note, whichever was greater. (Doc. 106 at 4; Doc. 108 at 4). The Eleventh Circuit affirmed Williams' conviction and sentence on August 17, 2020. (Doc. 155).

On August 17, 2021, Petitioners filed Motions to Vacate Sentence under 28 U.S.C. § 2255, raising multiple claims of ineffective assistance of counsel related to the plea agreement negotiations and the final monetary penalties imposed. (Docs. 179–181). Although Petitioners did not specify the relief sought, the Motions appeared to request a reduction of the monetary penalties imposed or a modification of the payment schedule. (*See* Doc. 179 at 10–11). Thus, the Magistrate Judge entered an Order on August 19, 2021, noting that challenges to fines or restitutions are not cognizable under 28 U.S.C. § 2255 and directing Petitioners to amend their Motions "to include every unalleged constitutional error or deprivation entitling them to Section 2255 relief." (Doc. 182 at 1 (citing *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009))). On September 19, 2021, Williams filed an Amended Motion to Vacate Sentence that briefly responded to the Magistrate Judge's Order, noting that although "the financial components of his sentence are of concern, it is the sentence in total, including the five-year period of incarceration, that Williams believes entitles him to relief."[1] (Doc. 184 at 5). The Government filed a Response in Opposition to Petitioners' Motions on October 18, 2021. (Doc. 186).

The Magistrate Judge issued the instant R&R on March 2, 2022. (Doc. 191). The Magistrate Judge recommends that the Court dismiss U.S. Tech and U.S. Aero's Section 2255 Motions as untimely. (*Id.* at 6–7). 28 U.S.C. § 2255(f) sets a one-year statute of limitations that generally runs from "the date on which the judgment of conviction becomes final." (*Id.* at 5). Judgment was entered against U.S. Tech and U.S. Aero on February 25, 2019. (Docs. 106, 108). Neither entity appealed, so the judgments became final on March 12, 2019. (Doc. 191 at 6 (first citing Fed. R. App. P. 4(b)(1)(A)(i); then citing *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011))). The deadline for U.S. Tech and U.S. Aero to file motions under Section 2255 therefore expired on March 12, 2020, well before the filing of their Motions on August 19, 2021. (*Id.* at 6–7).

---

[1] Williams was released from custody and commenced supervised release on January 14, 2022. (*See* Docs. 192, 195).

2

The Magistrate Judge also recommends that the Court deny Williams' Section 2255 Motion. (*Id.* at 5). As noted above, 28 U.S.C. § 2255 "is not an appropriate vehicle for challenging monetary penalties," and motions under the statute are "typically reserved for prisoners 'claiming the right to be released'" from custody. (*Id.* (quoting *Mamone*, 559 F.3d at 1211)). The Magistrate Judge found that all but one of Williams' arguments related to the monetary penalties imposed, and his only cognizable claim for relief under Section 2255 was that "defense counsel was ineffective for failing to retain or consult a defense contracting expert during plea negotiations." (*Id.* at 7). In his Motion, Williams argues that if an expert in defense contracting matters had been involved during the plea negotiations, the expert could have explained that Williams' actions caused "no financial harm to the United States," because "the work he and his companies performed was to specification, on time[,] and at a reasonable market value." (Doc. 184 at 6). The Magistrate Judge concluded that Williams' attorney was not ineffective for failing to retain a defense contracting expert because Williams was convicted of bribery, not criminally deficient contractual performance, and "[a]dequate performance under a contract bears no material relation to criminal bribery employed to secure that contract in the first place." (Doc. 191 at 9). The Magistrate Judge also recommended that the Court deny Williams a certificate of appealability. (*Id.* at 10). Petitioners did not object to the R&R, and time to do so has expired. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

After a careful and complete review of the record, the Court finds that the Magistrate Judge's decision is supported by substantial evidence and that the proper legal standards were applied. Accordingly, the R&R (Doc. 191) is **ACCEPTED**, **ADOPTED**, and made the **ORDER** of this Court. Petitioners' Section 2255 Motions (Docs. 179–181, 184) are **DISMISSED** without prejudice, and a certificate of appealability is **DENIED**.

**SO ORDERED**, this 12th day of April, 2022.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**